Matter of Beckett (2025 NY Slip Op 04605)

Matter of Beckett

2025 NY Slip Op 04605

Decided on August 7, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 7, 2025

PM-174-25
[*1]In the Matter of Suzann Leigh Beckett, a Suspended Attorney. (Attorney Registration No. 2208684.)

Calendar Date:June 23, 2025

Before:Garry, P.J., Pritzker, Ceresia, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
David A. Lewis Law PLLC, New York City (David A. Lewis of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1988, following her admission in Connecticut in 1987. We suspended respondent in January 2014 as a consequence of her longstanding biennial registration delinquency (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1024 [3d Dept 2014]). Although she cured her registration delinquency in April 2025 and has since moved for reinstatement by this Court, respondent remains so suspended to date. Respondent has also been reprimanded twice by the State of Connecticut Statewide Grievance Committee. To that end, she was first reprimanded in December 2001 following a hearing before a committee which concluded that she had engaged in various forms of misconduct, including making a false statement of material fact to a tribunal (see Conn Rules of Prof Conduct rules 3.1; 3.3 [a] [1]; 8.4 [4]). In September 2021, respondent was again reprimanded, this time upon her consent, following her admissions that she had engaged in misconduct in that jurisdiction that involved charging or collecting an unreasonable fee and failing to communicate in writing the scope of the representation or the rate of the fees and expenses to a client (see Conn Rules of Prof Conduct rule 1.5 [a], [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves for discipline to be imposed upon respondent as a consequence of her Connecticut reprimands, and respondent has been heard in response.
"Upon application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, we shall direct that the attorney demonstrate why discipline should not be imposed in New York for the underlying misconduct" (Matter of Rimer, 238 AD3d 1381, 1382 [3d Dept 2025]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [a]). In response to AGC's application, the attorney may assert any of the three defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) (see Matter of Heath, 234 AD3d 1239, 1241 [3d Dept 2025]). Here, respondent does not raise any of the defenses provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), and instead does not object to the imposition of discipline in New York as a result of her established misconduct in Connecticut (see e.g. Matter of Lee, 238 AD3d 1316, 1317 [3d Dept 2025]; Matter of Heath, 234 AD3d at 1240). Accordingly, we deem respondent's misconduct established and turn to the imposition of discipline.[FN1]
In aggravation, AGC cites respondent's failure to notify either the Court or AGC of her reprimands as required (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Rules of App Div, 3d Dept [22 NYCRR] former § 806.16 [d]), among other factors. In mitigation, respondent notes, among other factors, that her failure to notify AGC and this Court of her Connecticut reprimands was not intentional, but was rather a product of her mistaken [*2]belief that she had previously resigned as an attorney in New York (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]). She also expresses her remorse for her conduct, her willingness to cooperate with AGC and the remoteness in time of the reprimands (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e], [l], [m]).
We are not obliged to impose the same sanction by the foreign jurisdiction (see Matter of Mendelsohn, 230 AD3d 943, 945 [3d Dept 2024]), but rather we are tasked with crafting a sanction that is appropriate to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Here, respondent's misconduct in Connecticut implicates many of the core obligations of an attorney, including communicating with a client concerning the scope of any representation, the rate of fees and expenses; and refraining from making false statements of material fact to a tribunal. However, mindful of respondent's cooperation with the Connecticut authorities and AGC in this proceeding, as well as her attempts to cure her longstanding delinquency in this state and seek reinstatement in a motion that is currently before us, we censure respondent as a consequence of her misconduct in Connecticut (see e.g. Matter of Rimer, 238 AD3d at 1383; Matter of Mendelsohn, 230 AD3d at 945-946).
Garry, P.J., Pritzker, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.

Footnotes

Footnote 1: Notwithstanding respondent's lack of opposition to AGC's motion, we note that respondent was provided with due process in the Connecticut disciplinary proceedings and there was no infirmity of proof, as the respective proceedings included a hearing and negotiated disposition. The established misconduct in Connecticut also constitutes misconduct in New York (see e.g. Matter of Rimer, 238 AD3d at 1382-1383; Matter of Couloute, 174 AD3d 1031, 1032, n [3d Dept 2019]; see also Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.5 [a], [b]; 3.1 [a]; 3.3 [a] [1]; 8.4 [d]).